[Civ. No. 7049. First Appellate District, Division Two.—June 27, 1930.]

ROY G. HOWLAND, Administrator, etc., Respondent, v. THE MEXIMERICAN COMPANY, S. A. (a Corporation), et al., Appellants.

Goldman, Nye & Spicer and Vincent Surr for Appellants.

Carnahan & Clark and Pillsbury, Madison & Sutro for Respondent.

THE COURT.—Plaintiff sued for damages for fraud and for breach of warranty. Plaintiff had judgment for nineteen thousand dollars and defendants appealed on a bill of exceptions. The transcript was filed in January, 1928, and appellants' brief was filed in February of the same year. An order was issued and duly served requiring respondent to show cause on June 9, 1930, why the judgment should not be reversed. The respondent failed to appear and to date has made no effort to defend the judgment.

While litigation was pending between the parties in Los Angeles County they executed a written agreement wherein the defendants agreed to assign whatever interest they might have in certain lands situated in the Republic of Mexico in consideration of the plaintiff's dismissing the pending actions. In the instant case the plaintiff proceeded on the theory in his first cause of action that the agreement to dismiss the litigation was procured by defendants' fraudulent representations as to their title and as to the acreage involved. The trial court found that there was no fraud and the parties stipulated that there were no false representations, that the plaintiff was more familiar with the conditions than defendants, that plaintiff did not rely upon any representations made, and that he did not perform his part of the contract.

The second cause of action was founded upon an alleged warranty of title to eight thousand acres located in the tract of land covered by the agreement. The parties have stipulated that the so-called warranty was not relied on as such, but was merely a statement of what defendants believed to be the facts and was made in good faith by them.

■ Fraud and damage must both concur to constitute actionable fraud (12 R. C. L., p. 239). Here the record discloses neither. The trial court found there was no fraud and the evidence demonstrates that there was no damage.

As to the second cause of action, recovery upon the alleged warranty was dependent upon performance by plaintiff. As the parties agree that the alleged warranty was not intended as such and that the plaintiff failed in performance this cause of action fails.

Judgment reversed.